UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JEREMIAH CULOTTA,  )
                              )    Case No. 1:23-cv-142
       Plaintiff,     )
                              )    Judge Travis R. McDonough
v.                            )
                              )    Magistrate Judge Susan K. Lee
CORP CRAWFORD,    )
CO KEENE,                )
CO BOWSER,           )
CO NORTON, and     )
SULLIVAN COUNTY,   )
                              )
       Defendants.

## MEMORANDUM AND ORDER

Plaintiff, a pretrial detainee[1] housed at the Sullivan County Jail, has filed a pro se civil rights action under 42 U.S.C. 1983 (Doc. 1), along with a motion for leave to proceed *in forma pauperis* (Doc. 4). The Court will address Plaintiff's motion prior to screening his complaint in accordance with the Prison Litigation Reform Act ("PLRA") to determine whether it states a justiciable claim. 28 U.S.C. § 1915A.

I.       **MOTION TO PROCEED** ***IN FORMA PAUPERIS***

It appears from Plaintiff's motion (Doc. 4) that he lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion will be **GRANTED**.

---

[1] Plaintiff does not disclose his custodial status, but the Court notes he is not listed as an inmate in the publicly available database of the Tennessee Department of Correction. Tenn. Dep't of Corr., "Felony Offender Information," https://foil.app.tn.gov/foil/search.jsp (last accessed June 28, 2023). Accordingly, the Court assumes for present purposes that he was a pretrial detainee at the time of the incidents alleged in his complaint.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will also be **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.  SCREENING OF COMPLAINT

### A.  Plaintiff's Allegations

At around 4:30 a.m. on June 5, 2023, Plaintiff was awakened to his bed sheet and blanket "being soaked by a foul-smelling water that was coming through a crack in the floor." (Doc. 1, at 3–4.) Plaintiff alerted Sullivan County Jail Corporal Crawford and "showed her the issue[,]" and Crawford stated that she would tell maintenance. (*Id*. at 4.) She did not, however, allow Plaintiff to change out his mattress and clothing, clean the cell, or take a shower. (*Id*.) Thereafter, Plaintiff made CO's Keene and Bower "aware of the situation[] and was still not able to resolve the issue." (*Id*.) Fourteen hours later, CO Norton allowed Plaintiff[2] to eat supper on

---

[2] Plaintiff uses was the pronouns "us" and "our" when recounting CO Norton's actions. (Doc. 1, at 4.) As such, the Court assumes without deciding that Plaintiff was in a cell with other prisoners during the relevant times.

2

the recreation yard, get his laundry done, exchange his mattress, and clean his cell. (*Id.*) However, Plaintiff still not receive a shower at that time. (*Id.*)

When Plaintiff received his recreation time, he filed grievances to both Alpha and Charlie shifts and asked Delta Shift to speak to Internal Affairs and Sanitation. (*Id.*) Alpha and Charlie shifts did not respond, and "Sanitation responded that the issue was fixed." (*Id.*) Delta, meanwhile, stated that a "report was never filed." (*Id.*) Maintenance repaired pipes "next door" but never sealed the cracks in the wall in floor in Plaintiff's cell. (*Id.*)

Aggrieved by these circumstances, Plaintiff filed this action seeking monetary compensation for "the unsanitary, inhumane, and emotional trauma situation that Sullivan County made [him] stay in" on June 5, 2023. (*Id.* at 5.)

### B. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief

3

"above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### C. Analysis

Because Plaintiff is presumed a pretrial detainee, his constitutional protection against unconstitutional conditions of confinement comes from the Fourteenth Amendment's Due Process Clause, which protects detainees from being "punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). However, not every hardship imposed during pretrial detention amounts to "punishment" in the constitutional sense. *Id*. at 537. "Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to '"punishment."'" *Id*. at 539. Furthermore, there is a *de minimis* level of encroachment with which the Constitution is not concerned. *Id*. at 539 n. 21 (citation omitted).

> The Sixth Circuit has held:
>
> [A] conditions-of-confinement claim has two elements. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. Second, the prison official's state of mind [must be] one of deliberate indifference to inmate health or safety.

4

Case 1:23-cv-00142-TRM-SKL   Document 5   Filed 06/30/23   Page 4 of 8   PageID #: 18

*Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006) (internal citations and quotation marks omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

As to the first element, it is well-established that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman* 452 U.S. 337, 349 (1981). Rather, only "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" will establish a cognizable conditions-of-confinement claim. *Hudson v. McMillan*, 503 U.S. 1, 8-9 (1992) (citations and quotation marks omitted).

Second, because he was presumably a pretrial detainee at the time of the incidents alleged in his complaint, Plaintiff could not be punished by deliberate indifference to the conditions of his confinement. *See Bell*, 441 U.S. 520, 535 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017). A defendant demonstrates deliberate indifference to a detainee by acting "deliberately" and "recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)).

The Sixth Circuit has noted that "[c]onditions-of-confinement cases are highly fact-specific, but one guiding principle is that the length of exposure to the conditions is often paramount." *Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017) (citation omitted). Here, Plaintiff claims that, for fourteen hours, he was exposed to foul-smelling water from a crack in the floor that got onto his bedding and blanket. Plaintiff does not state that the foul-smelling water was human waste, or that his body and clothing were saturated by the water. Nonetheless, even assuming that the water Plaintiff was exposed to was wastewater that got onto his clothing and person, Plaintiff does not allege that he suffered any physical consequence from the exposure. Both the Sixth Circuit and other courts have held that a temporary exposure to such conditions is insufficient to be objectively serious under the Constitution. *See, e.g.*, *Lamb v.*

*Howe*, 677 F. App'x 204, 209 (6th Cir. 2017) (holding inmate's four-hour exposure to human waste due to flooded toilet water insufficient to state Eighth Amendment violation); *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (finding no Eighth Amendment or Fourteenth Amendment violation where an inmate complained that he was exposed to raw sewage from an overflowed toilet in his cell for four days, but suffered no physical harm); *Whitnack v. Douglas Cnty.*, 16 F.3d 954, 958 (8th Cir. 1994) (holding that a filthy and offensive cell with excrement and vomit was not unconstitutional because conditions lasted for only twenty-four hours); *Barney v. Pulsipher*, 143 F.3d 1299, 1311-12 (10th Cir. 1998) (finding no constitutional violation where inmate was confined for forty-eight hours in a filthy cell, with inadequate lighting and ventilation, and unappetizing food); *Park v. Holdren*, No. 1:17-cv-439, 2018 WL 1901798, at *3 (S.D. Ohio Apr. 20, 2018), *report and recommendation adopted*, 2018 WL 3648234 (S.D. Ohio Aug. 1, 2018) ("[T]he Sixth Circuit and other courts have held that a temporary exposure to human waste does not meet the objective component of the Eighth Amendment.") (collecting cases); *Keel v. Davidson Cnty. Sheriff's Office*, 2015 WL 799724, at *3 (M.D. Tenn. Feb. 25, 2015) (granting summary judgment to defendants where inmate complained of sewage leak for three weeks before word order was placed but alleged no physical harm, as "[m]ultiple courts have found that exposure to leaking sewage in a prison cell with no accompanying physical harm is insufficient to satisfy the objective component of a constitutional violation"); *Wiley v. Ky. Dep't of Corr.*, No. Civ. 11-97, 2012 WL 5878678, at *5-6 (E.D. Ky. Nov. 21, 2012) (holding inmate's "alleged exposure to the overflowing toilet and resulting odors, while no doubt unpleasant, was of short duration—one day—and did not amount to an Eighth Amendment violation"); *Antonelli v. Walters*, 2009 WL 921103, at *20 (E.D. Ky. March 31, 2009) (finding claim of leak and raw sewage in cell resulting from failure to maintain pipe chase

6

failed to state Eighth Amendment violation in the absence of allegation of physical harm); *see also* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]").

Under the circumstances presented by Plaintiff, the Court finds that the inconvenience and distress caused by the delay in providing Plaintiff fresh clothing and a shower was of an insufficient nature and duration to constitute "punishment" or to be "objectively, sufficiently serious" in the constitutional sense. *Bell*, 441 U.S at 535; *Spencer*, 449 F.3d at 728. Therefore, Plaintiff's temporary exposure to these unpleasant conditions is insufficient to state a § 1983 claim upon which relief may be granted, and this action will be dismissed.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Even with liberal construction, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983, and this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

>／s／***Travis R. McDonough***
>**TRAVIS R. MCDONOUGH**
>**UNITED STATES DISTRICT JUDGE**